PRYOR & MANDELUP, LLP
**Proposed Attorneys for the Debtors and**
**Debtors-in-Possession**
**675 Old Country Road**
**Westbury, New York 11590**
**516-997-0999**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

         Debtors.
----------------------------------------------------------X

Chapter 11
Case No.: 09-77670-reg
Case No.: 09-77668-reg
Jointly Administered

**APPLICATION IN SUPPORT OF ORDER AUTHORIZING**
**DEBTORS-IN-POSSESSION**
**TO MAKE PAYMENT OF PRE-PETITION WAGES**

**TO: HONORABLE ROBERT E. GROSSMAN,**
   **UNITED STATES BANKRUPTCY JUDGE:**

    All Island Truck Leasing Corp. ("All Island"), and AIT Trucking Corp. ("AIT"), the debtors and debtors-in-possession herein (collectively the "Debtors"), by their attorneys Pryor & Mandelup, L.L.P., as and for their application (the "Application") for the entry of an order of the Court, authorizing the Debtors to make a payment of pre-petition wages, respectfully represents:

**FACTS**

    1.  On October 9, 2009(the "Petition Date"), the Debtors filed voluntary petitions from their creditors pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

    2.  The Debtors intend to continue in possession of their property and the management of their business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

    3.  As of the date of this application, the United States Trustee's Office has not yet

appointed an official committee of unsecured creditors in the Debtors' case.

4. Debtor All Island is a domestic corporation, with its principal place of business located at 3467 Hampton Road, Oceanside, NY 11572. All Island operates a full service vehicle leasing company, providing both short and long term leases and rentals to individuals and businesses on Long Island. All Island leases and rents a variety of vehicles including cargo vans, refrigerator units, ambulatory vans, tandem and single trucks, as well as cars. AIT currently provides substantially the same services as All Island. AIT was originally formed to be a trucking company. AIT sought to use the trucks owned by All Island which were off lease to provide short and long distance trucking and hauling. In this fashion AIT hoped to increase over all profitability of the two Debtors by using idle and unleased equipment. AIT's trucking endeavor was ultimately unsuccessful but AIT continues to lease and rent vehicles. All Island also operates an onsite facility for the servicing and maintenance of these vehicles for its clients.

5. AIT also operates a vehicle leasing company, providing both short and long term leases and rentals to individuals and businesses on Long Island. AIT, however, does not. The companies are generally run as a single operational entity.

6. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b). Venue of these cases and the within application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Debtor currently has a bank account for the payment of payroll at Citibank, N.A. ("Citibank"), (account no. 49488923). Debtors' employees are entitled to be paid on October 16th, 2009 for services rendered by them for the pay period which began on October 6th, 2009

8. The Debtors utilize a one (1) week payroll cycle which begins on October 6th, 2009 and ends on October 13th, 2009. The Debtors filed on October 9th, 2009 three (3) pay days into the

present payroll cycle.

**RELIEF REQUESTED**

9. The Debtors seek the entry of an order of this Court, pursuant to §§ 105(a) and 507(a)(4) of the Bankruptcy Code for authority to satisfy certain pre-petition payroll obligations as enumerated on Exhibit "A" annexed hereto.

10. No check will be issued to any employee on account of services rendered prior to the petition date in an amount to exceed ten thousand ($10,000.00) dollars, exclusive of payroll taxes, and the Debtors have or will have sufficient cash in its bank account to pay such checks.

11. Accordingly, the Debtor respectfully requests that it be authorized to pay its employees the wages and salaries earned by them for the present payroll period which began on October 6th, 2009 prior to the filing date in an aggregate eleven thousand one hundred and fifty-four and 50/100 ($11,154.50) dollars, which wages and salaries are entitled to a priority of payment pursuant to § 507(a)(4) of the Bankruptcy Code. The Debtors further request that Citibank be authorized to honor check drawn against the Debtors' payroll account, provided that the Debtors have on deposit, funds in said account to pay such checks when presented.

12. The salaries set forth for the individuals listed in Exhibit "A" represent the ordinary and customary salaries received by these individuals prior to the filing of the bankruptcy petition.

13. The insiders will receive no pre-petition wages.

14. Insofar as the Debtors must, by necessity, rely on the loyalty of their employees to be successful in its reorganization efforts, it is submitted that the entry of the pre-fixed order is in the best interest of the Debtors and their creditors and should be entered without notice to the Debtors' creditors. The Debtors fear that in the event an employee is relegated to a priority creditor status with respect to the payment to him/her of pre-petition payroll, this could cause employee attrition and would

eliminate any hopes of a successful reorganization at this critical stage of the reorganization process. There are no creditors secured by the Debtors' cash collateral and upon information and belief, no priority tax obligations. Indeed, since all the wages the Debtors seek to pay are priority claims pursuant to § 507(a)(4) of the Bankruptcy Code, the relief sought herein will not prejudice the estate or the Debtors' creditors.

15. A copy of this Application has been provided to the United States Trustee ("UST"). The UST has no objection to the relief requested herein.

16. No other request has been made for the relief sought herein. The Trustee requests that the requirement of E.D.N.Y. LBR 9013(b) be waived as this motion does not present any unique issues of law. However, if it appears from any answering papers that a supporting Memorandum of Law is necessary, the Debtors reserve the right to submit a reply memorandum of law.

**WHEREFORE,** it is respectfully requested that the pre-fixed order be entered.

Dated: Westbury, New York
October 14, 2009

PRYOR & MANDELUP, L.L.P.
Attorneys for the Debtors

By: */s/ Anthony F. Giuliano*
Anthony F. Giuliano
(A Member of the Firm)
675 Old Country Road
Westbury, New York 11590
(516) 997-0999