PRYOR & MANDELUP, L.L.P.
Robert L. Pryor, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

                        Debtors.
----------------------------------------------------------X

Chapter 11
Case No.: 09-77670-reg
Case No.: 09-77668-reg
Jointly Administered

## FOURTH INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

**WHEREAS**, on October 9, 2009 (the "Filing Date"), All Island Truck Leasing Corp. and AIT Trucking Corp. (the "Debtors"), filed voluntary petitions for relief from their creditors, pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and

**WHEREAS**, on October 14, 2009, the Debtors brought an application, by order to show cause (the "Order to Show Cause"), pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. 363(c)(2), for an order permitting Debtors to utilize cash collateral (the "Cash Collateral") with respect to which; (i)New York State Department of Taxation and Finance ("NYS"), (ii) Navistar International Transportation Corp. and/or Navistar Financial Corporation ("Navistar"), (iii) Sovereign Bank ("Sovereign"), (iv) Bank of America, N.A. ("BOA"), (v) VFS US LLC ("VFS"), (vi) Hitachi Capital America Corp. ("Hitachi"), (vii) Toyota Motor Credit Corporation ("Toyota"), (viii) Atlantic State Lubricants Corp. ("Atlantic"), (ix) General Electric Capital Corp. ("GE"), (x) Capital One Equipment Leasing & Finance ("Capital One"), and (xi) Mack Financial Services ("Mack") (collectively, the "Alleged Secured Creditors"), may have security interests; and

**WHEREAS**, the Court scheduled a hearing on the Order to Show Cause, on October

21, 2009 (the "Preliminary Hearing"); and

**WHEREAS** prior to the Preliminary Hearing**,** Navistar and Sovereign filed written objections to the Debtors' Order to Show Cause; and

**WHEREAS,** at the Preliminary Hearing, counsel for Navistar, Sovereign and BOA stated their objections to the Debtors' use of Cash Collateral; and

**WHEREAS,** on November 5, 2009, in accordance with the Court's scheduling, Toyota filed an opposition to the Debtors' Order to Show Cause Seeking the Use of Cash Collateral; and

**WHEREAS,** at various times on consent of Navistar, Toyota, Sovereign, BOA and the UST, the Debtors were authorized to use Cash Collateral on an interim basis as set forth in the interim cash collateral orders dated October 29, 2009, December 9, 2009 and December 21, 2009 (the "Interim Cash Collateral Orders"); and

**WHEREAS,** the Court scheduled a final hearing on the Order to Show Cause, on January 11, 2010 (the "Final Hearing"), at which time, counsel for Navistar, Sovereign, Toyota (collectively the "Objecting Creditors"), the UST, and the Debtors appeared; and

**WHEREAS,** at the Final Hearing, the Court scheduled an evidentiary hearing (the "Evidentiary Hearing") on the Debtors' motion to use cash collateral for February 26, 2010 at 10:00 a.m.; and

**WHEREAS,** at the Final Hearing, the Court extended the Debtors' use of Cash Collateral until the Evidentiary Hearing on the terms set forth herein, as it pertains to Sovereign and Toyota; and

**IT IS HEREBY ORDERED, AS FOLLOWS:**

1. Debtors are hereby authorized to utilize Cash Collateral not to exceed the amounts, and solely for the purposes, set forth in the line items contained in the Budget annexed

hereto as Exhibit "A", on an interim basis, through and including February 25, 2010 (the "Fourth Interim Period"). The Debtors represent that there are no payments (directly or indirectly) to insiders on the Budget other then as follows: (a) salary for Robert Poczatack three thousand three hundred ($3,300.00) dollars per week gross, and (b) William Poczatek three thousand one hundred ($3,100.00) dollars per week gross (the "Insider Payments").

2. By no later than the close of business on each Friday during the Interim Period, the Debtors shall be required to provide the Objecting Creditors with a cash flow analysis detailing the Debtors cash flow for that week, which cash flow analysis shall include all collections, all expenses and a Budget to actual reconciliation.

3. In consideration for the utilization of their Cash Collateral, during the Fourth Interim Period, the Alleged Secured Creditors, pursuant to, and in accordance with, Sections 361 and 363 of the Bankruptcy Code, are hereby granted replacement liens in the Debtors' post-petition assets, to the same extent, and with the same validity and priority as existed in all the Debtors' pre-petition assets (the "Replacement Liens").

4. The Alleged Secured Creditors shall be granted liens on any unencumbered assets on pro rata basis, based upon the outstanding amount of their secured claim as of the Filing Date, to the extent of any diminution in the value of the Alleged Secured Creditors' interest in their pre-petition collateral as a result of the Debtors' use of Cash Collateral during the Fourth Interim Period.

5. The security interests and other liens afforded to the Alleged Secured Creditors, under this Fourth Interim Order, shall be deemed created and perfected without the necessity of execution, filing or recording of any documents otherwise required under non-bankruptcy law for the creation or perfection of security interests and liens. Notwithstanding the foregoing, Debtors shall, upon the request of any of the aforementioned parties, execute and deliver

such documents as may reasonably be required to create and/or perfect the security interests and liens described herein, under applicable non-bankruptcy law, and said the Alleged Secured Creditors shall be authorized to file or record such documents as may be required to perfect such security interests and liens.

6. Entry of this Fourth Interim Order does not constitute a waiver by Sovereign and Toyota, and is without prejudice to, any and all rights, remedies, claims and causes of action that the foregoing parties may have against Debtors or third parties, and without prejudice to their rights to seek relief from the automatic stay in effect under section 362 of the Bankruptcy Code, or any other relief in these cases and the rights of the Debtors to oppose any such rights, remedies, claims, causes of action, and relief, which may be asserted by these entities.

7. Notwithstanding the foregoing, the Replacement Liens shall not attach to any avoidance actions including but not limited to those commenced pursuant to Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code.

8. As further adequate protection to Sovereign and Toyota for the Debtors' use of cash collateral, the Debtors shall make the following payments to the Objecting Creditors (the "Adequate Protection Payments) for January 2010 and February 2010:

(1) On or before January 29, 2010, the Debtors shall pay -

    (i) Sovereign    $43,571.43 , and

    (ii) Toyota    $7,500.00;

(2) On or before February 26, 2010, the Debtors shall pay -

    (i) Sovereign    $43,571.43 , and

    (ii) Toyota    $7,500.00.

9. Payments to Navistar shall be made in accordance with the Agreed Order Authorizing the Use of Navistar Financial Cash Collateral and Granting Adequate Protection.

10. The foregoing distributions of the Adequate Protection Payments to the Objecting Creditors are expressly agreed upon by all the parties and shall not be subject to any further redistribution, avoidance, recovery, or any offset, recoupment or crediting against future distributions. Further, payment or acceptance of the Adequate Protection Payments shall not affect and shall not constitute a waiver by either the Debtors or any of the Objecting Creditors to seek a future determination as to the validity, priority or extent of any liens affecting the Debtors' assets.

11. To the extent the Debtors fail to make the Adequate Protection Payments in the full amounts set forth in Paragraphs 8(a) and 8(b) on or before the dates set forth in Paragraphs 8(a) and 8(b), the Debtors shall be in default of this Order, and in such event shall, among other things, be prohibited from making any further Insider Payments until the Adequate Protection Payments are made in full.

"SO ORDERED" THIS *8*
DAY OF February, 2010
*Central Islip, New York*

*/s/ Robert E. Grossman*
**THE HONORABLE ROBERT E. GROSSMAN**
**UNITED STATES BANKRUPTCY JUDGE**

**4013281.3**

5