RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (Admitted *Pro Hac Vice*)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

-and-

500 Fifth Avenue, Suite 4920
New York, New York 10110
 (212) 302-6574

Attorneys for Sovereign Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ALL ISLAND TRUCK LEASING CORP. and AIT TRUCKING CORP., | Case Nos. 09-77670 (REG) and 09-77668 (REG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF SOVEREIGN BANK
TO DEBTORS' APPLICATION FOR AN ORDER (I) AUTHORIZING
RETENTION OF AL BRENNAN AS BUSINESS BROKER; (II) PURSUANT TO
11 U.S.C. § 506(c) AUTHORIZING THE DEBTORS TO RECOVER THE
REASONABLE, NECESSARY COSTS AND EXPENSES INCURRED IN
CONNECTION WITH THE DISPOSITION OF THE DEBTORS' ASSETS
<u>FROM THE HOLDINGS OF ALLOWED SECURED CREDITORS</u>**

Sovereign Bank ("<u>Sovereign</u>"), by and through its undersigned counsel, hereby submits the within Limited Objection (the "<u>Limited Objection</u>") to the Application of All Island Truck Leasing Corp. ("<u>Island</u>") and AIT Trucking Corp. ("<u>AIT</u>," and collectively with Island, the "Debtors") seeking entry of an Order (i) Authorizing Retention of Al Brennan as Business Broker and (ii) Pursuant 11 U.S.C. § 506(c) Authorizing the Debtors to Recover the Reasonable and Necessary Costs and Expenses Incurred in Connection with the Disposition of the Debtors' Assets from the Holdings of the Secured Creditors (the "<u>Motion</u>"). In support of the Limited Objection, Sovereign respectfully represents as follows:

**PRELIMINARY STATEMENT**

Sovereign does not object, in principal, to the Debtors' retention of Al Brennan (the "Broker") to market and sell the Debtors' businesses. However, at the retention stage, prior to performing any marketing or selling activities on the Debtors' behalf, Sovereign objects to the blanket pre-approval of a reimbursement and/or payment to the Broker under 11 U.S.C. § 506(c) that the Debtors seek through the Motion. While Sovereign acknowledges that the Broker is entitled to receive a reasonable commission and reimbursement of its reasonable and necessary expenses in the event that its efforts result in a sale that directly benefits Sovereign, Sovereign respectfully submits that a blanket pre-approval is unnecessary and improper under Section 506(c).

**LIMITED OBJECTION**

**A.    The Court Should not Pre-approve any Section 506(c) Reimbursement to the Broker**

1. Through the Motion, the Debtors seek entry of an Order not only approving the retention of the Broker, but, at the outset of his retention, pre-approving the reimbursement of the Broker's expenses and commission pursuant to Section 506(c). For the reasons set forth below, the Section 506(c) pre-approval sought by the Debtors in the Motion is inappropriate.

2. Pursuant to Section 506(c), a trustee or debtor-in-possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim . . . ." 11 U.S.C. § 506(c).

3. As a result, before a bankruptcy court can actually approve any expenses under Section 506(c), it must determine that the expenses were (i) necessary, (ii) reasonable and

(iii) were primarily for the benefit of the secured creditor and did actually provide a direct benefit to the secured creditor. See In re Ceron, 412 B.R. 41, 48 (Bankr. E.D.N.Y. 2009).

4. Additionally, the Debtors bear the burden of demonstrating that Section 506(c) applies to the expenses in question. Gen. Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.), 739 F.2d 73, 77 (2d Cir. 1984). Importantly, a debtor-in-possession "does not meet this burden of proof by suggesting possible or hypothetical benefits." Ceron, 412 B.R. at 48 (quoting Gen. Elec. Credit Corp. v. Peltz (In re Flagstaff Foodservice Corp.), 762 F.2d 10, 12 (2d Cir. 1985)); see also In re Mall at One Assocs., LP., 185 B.R. 981, 991 (Bankr. E.D. Pa. 1995) (denying debtor in possession recovery of fees for proposed sale of collateral that never occurred).

5. Given the foregoing, Sovereign respectfully submits that the pre-approval of the Broker's yet-to-be-incurred expenses and commission pursuant to Section 506(c) is inappropriate.

6. To the extent the Broker is able to sell the Debtors' businesses, and the Court determines that (i) such sale directly benefits Sovereign, and (ii) the expenses/commission are necessary and reasonable, the Broker will be entitled to receive his commission and expenses.

7. However, until such events occur and the appropriate facts are before the Court, a pre-approval of the commission and expenses under Section 506(c) is improper.

## **CONCLUSION**

WHEREFORE, based upon all of the foregoing, Sovereign respectfully requests that the Court deny the Motion, to the extent set forth herein and grant Sovereign such other and further relief as the Court deems just and equitable.

Dated: April 21, 2010
Morristown, New Jersey

                            RIKER DANZIG SCHERER HYLAND
                                &PERRETTI, LLP

                            By:   /s/ Kevin J. Larner
                                  Joseph L. Schwartz
                                  Kevin J. Larner

4035641.2                            Counsel to Sovereign Bank