UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

ALL ISLAND TRUCK LEASING CORP. AND
AIT TRUCKING CORP.,

Debtors.

Chapter 7

Case Nos. 09-77670 (REG)
Jointly administered

## ~~AMENDED~~ STIPULATION AND ORDER GRANTING CHAPTER 7 TRUSTEE AUTHORITY TO TAKE ACTIONS WITH RESPECT TO COLLATERAL OF SOVEREIGN BANK

This Stipulation and Order (the "Stipulation") is made and entered into on the dates respectively set forth below, by and between Sovereign Bank ("Sovereign") and Kenneth Kirschenbaum, Chapter 7 Trustee (the "Trustee") for All Island Truck Leasing Corporation ("Island") and AIT Trucking Corporation ("AIT," and collectively with Island, the "Debtors"). Sovereign and the Trustee shall be collectively referred to herein as the "Parties." In consideration of the respective promises, representations, warranties and acknowledgements set forth below, the Parties agree as follows:

**WHEREAS,** in 1996, 2001 and 2004, Sovereign and/or its predecessor in interest, entered into a various Loan and Security Agreements with Island (collectively, the "Sovereign Island Agreements"), pursuant to which Sovereign agreed to make advances to Island for Island's purchase of vehicles which Island would then lease to third party lessees in connection with Island's vehicle-leasing business; and

**WHEREAS,** as security for Island's repayment of the loans made pursuant to Sovereign Island Agreements, Island granted Sovereign first priority purchase money security interests on, among other things, the vehicles purchased with the loan proceeds, as well as on the Leases, rental proceeds generated from those financed vehicles, insurance on the financed vehicles, accounts and chattel paper (the "Sovereign Island Collateral"); and

**WHEREAS,** on or about February 17, 2007, Sovereign entered into a Loan and Security Agreement with AIT (the "Sovereign AIT Agreement"), pursuant to which Sovereign agreed to make advances to AIT for AIT's purchase of vehicles, which AIT would then lease to a third party lessee in connection with AIT's vehicle-leasing business; and

**WHEREAS,** as security for repayment of all amounts owed under the Sovereign AIT Agreement, AIT granted Sovereign, among other things, first priority purchase money security interests in all vehicles purchased with Sovereign's loan proceeds, all leases related to Sovereign-financed vehicles, all insurance on all Sovereign-financed vehicles, and all rental proceeds received on account of leases related to Sovereign-financed vehicles (the "Sovereign AIT Collateral," and collectively wit the Sovereign Island Collateral, the "Sovereign Collateral"); and

**WHEREAS,** Sovereign asserts properly perfected first priority security interests in the Sovereign Collateral, which the Trustee acknowledges and does not dispute; and

**WHEREAS,** on October 9, 2009, (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; and

**WHEREAS,** during the pendency of the Debtors' Chapter 11 cases, the Debtors and Sovereign entered into a series of consensual arrangements, whereby the Debtors were permitted to use Sovereign's cash collateral, wherein, among other things, Sovereign was granted liens against all the Debtors' assets, both encumbered and encumbered, as adequate protection for the use of Sovereign's cash collateral;

**WHEREAS,** among the orders entered by the Bankruptcy Court authorizing the Debtors' use of Sovereign's cash collateral was a Fifth Interim Cash Collateral Order, entered on March 31, 2010 (the "Fifth Interim Order"), which authorized the Debtors to use Sovereign's cash collateral during the period through and including August 31, 2010 in exchange for, among other things, the Debtors' making of adequate protection payments to Sovereign of $60,000 per month and the return to Sovereign of five (5) off-lease Sovereign-financed vehicles per month;

**WHEREAS,** the Debtors failed to comply with their obligations under the Fifth Interim Order by failing to make their required monthly adequate protection payments to Sovereign for June, July and August 2010 and by failing to turn over to Sovereign the off-lease Sovereign-financed vehicles required under the Fifth Interim Order;

**WHEREAS,** on September 2, 2010, the Bankruptcy Court entered an Order converting the Debtors' bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code;

**WHEREAS,** on or about September 2, 2010, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee for the Debtors; and

**WHEREAS,** Sovereign and the Trustee have engaged in discussions and have come to agreement concerning the Trustee's protection, maintenance and sale of the Sovereign Collateral, some of which is in the possession of third party lessees;

**NOW, THEREFORE**, for good and valuable consideration, the receipt of which is hereby acknowledged and which consideration includes, without limitation, the mutual promises and covenants set forth herein, the parties hereto hereby agree as follows:

## AGREEMENT

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2. **Protection and Preservation of the Sovereign Collateral.** The Trustee shall take all steps reasonably necessary to preserve and protect the value of the Sovereign Collateral.

3. **Third-Party Leases.** The Trustee shall, subject to Sovereign's approval, (i) take all reasonably necessary steps to collect any and all amounts due from third party lessees under leases relating to Sovereign-financed vehicles that are part of the Sovereign Collateral (the "Sovereign Vehicles") and (ii) take all reasonably necessary steps to recover the Sovereign Vehicles from third party lessees and/or sell the Sovereign Vehicles. As and when any Sovereign vehicles are returned

by third party lessees to the Debtors' premises, the Trustee shall immediately inform Sovereign's counsel in writing, and shall provide Sovereign's counsel with the VIN number of the recovered Sovereign Vehicle.

  4.  **Sale of Sovereign Vehicles.**  The Trustee shall, in an expedited manner, take all steps reasonably necessary to sell the Sovereign Vehicles for prices reasonably acceptable to Sovereign. Within a reasonable period of time from the Trustee's receipt of the proceeds thereof, the Trustee shall turn over to Sovereign the net proceeds from the sale of any Sovereign Collateral, while retaining a reserve for payment of the Trustee's compensation and expenses, as set forth in paragraph 5 hereof, his auctioneer's commissions and expenses related to sales of Sovereign Vehicles, as set forth in paragraph 5 hereof, reasonable counsel fees and expenses directly incurred for Sovereign's benefit, as set forth in paragraph 5 hereof and/or other expenses directly incurred for Sovereign's benefit, as set forth in paragraph 5 hereof. On or before the 10th day of each month in which services are performed, the Trustee shall submit a proposed order with notice of settlement to the Court upon ten days notice to Sovereign's counsel via e-mail (jschwartz@riker.com and klarner@riker.com) and to the Office of the United States Trustee via e-mail (al.m.dimino@usdoj.gov or any other e-mail address designated by the Office of the United States Trustee), which order shall fix the compensation and expenses of the Trustee (including those administrative expenses payable to third parties which are incurred by the Trustee in administering the Sovereign Collateral for the benefit of Sovereign as set forth in paragraph 5 below) and the fees and expenses of the Trustee's counsel, Kirschenbaum & Kirschenbaum, P.C., and authorize payment of said fees and expenses by the Trustee from the proceeds of any Sovereign collateral. If no objection is filed and served by Sovereign or the United States Trustee within the ten day notice period, Sovereign shall be deemed to have approved the fees and expenses sought and the payment of said fees and expenses, and the Court may sign the order without any further notice or a hearing. Upon entry of the order, the Trustee shall be permitted to pay all fees and expenses as set forth in the order without further notice. If Sovereign or the United States Trustee serves and files an objection, and the parties are unable to reach a consensual resolution, the Parties agree that the Bankruptcy Court shall set the matter down for a hearing to determine the extent to which such fees and expenses in question shall be paid from the Sovereign Collateral. The Trustee shall not be entitled to pay his counsel's fees and expenses unless and until the Trustee has turned over to Sovereign the net proceeds from the sale of any Sovereign Collateral.

  5.  **Carveout for Trustee's Commissions and Professional Fees.**  As set forth in paragraph 4 hereof, Sovereign shall pay, as a carveout from the proceeds of the Sovereign Collateral, under 11 U.S.C § 506(c): (i) the Trustee's compensation directly earned with respect to the Trustee's recovery or sale of the Sovereign collateral; said compensation to be calculated consistent with the statutory scheme for the computation of trustee commissions set forth in 11 U.S.C. § 326(a), (ii) the statutory commissions of the Trustee's auctioneer related to the sale of Sovereign Vehicles, (iii) the reasonable fees and expenses, including postage, photocopies and filing fees, if any, of the Trustee's counsel, Kirschenbaum & Kirschenbaum PC, directly incurred solely for Sovereign's benefit, (iv) compensation to Mark Rauch of $50 per hour and (v) Kirschenbaum & Kirschenbaum, P.C. for its office space in the amount of $750 per month for as long as Mark Rauch is assisting the Trustee with respect to the Sovereign Collateral and is utilizing said office space. For avoidance of doubt, Sovereign shall be responsible only for the reasonable fees and expenses of the Trustee's counsel specifically and directly related to the preservation or sale of the Sovereign Collateral.

6. **Unsecured Creditors' Fund.**  Sovereign shall fund, as a carveout from the proceeds of the Sovereign Collateral, an unsecured creditor's fund in the amount of $15,000, which shall be used by the Trustee to make distributions on account of allowed unsecured claims against the Debtors' bankruptcy estates.

7. **Effective Period.**  The obligations of the Parties under this Stipulation shall be effective as of September 2, 2010, the date of the Trustee's appointment, and shall remain in effect until either Sovereign or the Trustee sends the other written notice that this Stipulation should terminate, which notice shall be provided at least three (3) days prior to termination.  In the event Sovereign elects to terminate this agreement after the Trustee has recovered certain Sovereign Vehicles, but has not yet sold those vehicles, Sovereign shall nonetheless allow the Trustee to sell the Sovereign Vehicles so recovered in order for the Trustee to receive all compensation that the Trustee would otherwise be entitled to receive in accordance with 11 U.S.C. § 326(a).  However, if Sovereign prevents the Trustee from selling Sovereign Vehicles recovered but not yet sold, the Trustee shall be entitled to receive as compensation the greater of: (i) commissions earned consistent with 11 U.S.C. § 326(a) for sales occurring up to the termination date or (ii) the Trustee's customary hourly rate in his capacity as an attorney for a reasonable number of hours the Trustee has worked on Sovereign's behalf through the date of Sovereign's notice to discontinue providing services on Sovereign's behalf.  Any dispute concerning Trustee compensation shall be determined in accordance with the procedures set forth in paragraph 4 hereof.

8. **Reservation of Rights.**  Sovereign reserves rights to (i) seek payment for any amount due from the Debtors' for unpaid adequate protection payments or (ii) pursue any other claim or cause of action which Sovereign deems necessary and appropriate to protect its interests.

9. **No Waivers.**  No Party hereto shall be deemed to have waived any of their rights hereunder unless such waiver shall be in writing and duly signed by an authorized officer or agent of such party.  No waiver on any party's part on any one occasion shall be deemed a waiver on any other occasion, and no delay by either party in enforcing any right hereunder or under the related documents shall be deemed to be a waiver of such right.

10. **Binding Effect.**  This Stipulation shall inure to the benefit of and be binding upon the Parties hereto and their respective successors, assigns, heirs, executors and administrators.

11. **Construction.**  It is the intent of the parties that this Stipulation shall be construed to affect the purpose and intent of the parties without further litigation and any rule of construction providing that ambiguity shall be construed against the draftsman shall not apply against any party.

12. **Headings.**  The section headings are for ease of reference only and shall not be used to interpret or limit any term hereof.

13. **Choice of Law and Jurisdiction.**  This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable federal law.  The Parties hereby agree to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Bankruptcy Court.

14. **Entire Agreement.**  This Stipulation represents the entire agreement between the Parties and this Agreement cannot be orally altered, amended or modified.  It is the intentions of the

Parties that this paragraph be construed as a merger clause and that this Agreement be construed as an integrated document.

15. **Representations of Authority.** The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she is signing.

16. **Counterparts.** This agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of this Agreement, to produce or account for more than one (1) counterpart.

17. **Facsimile Signatures.** A facsimile or PDF signature on this Stipulation shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation bearing original signatures of the Parties, other than facsimile or PDF signatures.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed

by their duly authorized representatives as of the date set forth below:

Dated: October *11*, 2010   **SOVEREIGN BANK**
By: *s/ Joseph L. Schwartz*
Joseph L. Schwartz, Esq. (Admitted Pro Hac Vice)
Kevin J. Larner, Esq. (KL-8627)
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Counsel for Sovereign Bank

Dated: October *11*, 2010   **KENNETH KIRSCHENBAUM, CHAPTER 7 TRUSTEE**
By: *s/ Steven B. Sheinwald*
Steven B. Sheinwald, Esq. (SS-6336)
KIRSCHENBAUM & KIRSCHENBAUM, P.C.
200 Garden City Plaza
Garden City, NY 11530
(516) 747-6700
Counsel for Kenneth Kirschenbaum, Chapter 7 Trustee

No Objection
United States Trustee

By: *s/ Alfred Dimino*
    Alfred Dimino, Esq.

2



**Dated: Central Islip, New York**
      **October 20, 2010**

      **Robert E. Grossman**
    **United States Bankruptcy Judge**