UNITED STATES BANKRUPTCY COURT  Return Date: 12/6/10
EASTERN DISTRICT OF NEW YORK  Time: 9:30am
--------------------------------------------------------------X
In the Matter of::

ALL ISLAND TRUCK LEASING CORP.,  Chapter 7
AIT TRUCKING CORP.,  Case No.:  09-77670-reg
  Case No.: 09-77668-reg

                                   Debtors.  Jointly Administered
--------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the application of Kenneth Kirschenbaum, by his

counsel, Kirschenbaum & Kirschenbaum, P.C., dated October 29, 2010, the undersigned will

move this court before the Honorable Robert E. Grossman, at the United States Bankruptcy

Court, Long Island Federal Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York,

on the 6th day of December, 2010, at 9:30 a.m., or as soon thereafter as counsel can be heard for

an order:

(a) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the

Federal Rules of Bankruptcy Procedure, to sell the estate's right, title and interest in a 2005

Kenworth T 300 Medium Tractor (VIN Number 2XKMAZ8X45M102503), a 2007 International

4300 Straight Truck (VIN Number 1HTMMAAN77H403493), a 2004 International 4300

Straight Truck (VIN Number 1HTMMAAN54H612808), and a 2007 International 4300 Straight

Truck (VIN Number 1HTMMAANX7H520856) to FBF Services, Inc. for the total sum of

$55,00.00, free and clear of all liens, claims or other interests which may exist, if any, with such

liens to attach to the proceeds of sale; and

(b) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the

Bankruptcy Federal Rules of Bankruptcy Procedure, to sell the estate's right, title and interest in

a 2007 Mitsubishi (VIN number JL6DGM1E47K004461) to International Freight Logistics, Ltd.

for the total sum of $19,000.00, free and clear of all liens, claims or other interests which may

exist, if any, with liens to attach to the proceeds of sale; and

(c) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007 Chrysler Town and Country (VIN number 1A4GJ45RX7B120276) to Quick International Courier for the total sum of $6,500.00, free and clear of all liens, claims or other interests which may exist , if any, with liens to attach to the proceeds of the sale; and

(d) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2008 Freightliner (VIN number 1FVACWDJ18HZ91275) to HUB Truck Rental Corporation for the total sum of $33,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(e) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007 International (VIN number 1HTMMAAM67H387309) to Chap A Nosh of Cedarhurst Inc. for the total sum of $26,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(f) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007 Ford E-350 Super Duty XL (VIN number 1FBNE31LX7DA18806) to the National Institute for People with Disabilities of New Jersey for the sum of $5,700.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(g) authorizing the trustee to execute any documents necessary to effectuate the sale of the estate's right, title and interest in the vehicles; and

(h) for such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, must be filed electronically in accordance with General Order #462 (which can be found at the Court's official website, www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's electronic filing system, and by all other parties in interest on a 3.5 inch computer disk in Portable Document Format (PDF), Corel WordPerfect, Microsoft Word, DOS text or a scanned image fil with an accompanying hard copy to Chambers of Honorable Robert E. Grossman, United States Bankruptcy Judge, at the above address together with proof by affidavit, admission or otherwise that copies have been properly served so as to actually be received on or before November 29, 2010. Objections, if any, must be served upon (I) the undersigned counsel for the trustee, and (ii) the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, so as to actually be received no later than 5:00 p.m. on November 29, 2010.

Dated: Garden City, New York
        October 29, 2010

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorneys for Trustee

By: _____
     Stacy Spector
     200 Garden City Plaza, Suite 500
     Garden City, NY 11530
     (516) 747-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In the Matter of::

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

                    Debtors.
-----------------------------------------------------------X

Chapter 7
Case No.:  09-77670-reg
Case No.: 09-77668-reg

Jointly Administered

TO: THE HONORABLE ROBERT E. GROSSMAN
     UNITED STATES BANKRUPTCY JUDGE:

     The application of KENNETH KIRSCHENBAUM, Chapter 7 Trustee, by his counsel,

Kirschenbaum & Kirschenbaum, P.C., respectfully states:

     1.     This application is being submitted in support of the Trustee's request for an order:

     (a) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the

Federal Rules of Bankruptcy Procedure, to sell the estate's right, title and interest in a 2005

Kenworth T 300 Medium Tractor (VIN Number 2XKMAZ8X45M102503), a 2007 International

4300 Straight Truck (VIN Number 1HTMMAAN77H403493), a 2004 International 4300 Straight

Truck (VIN Number 1HTMMAAN54H612808), and a 2007 International 4300 Straight Truck (VIN

Number 1HTMMAANX7H520856) to FBF Services, Inc. for the total sum of $55,00.00, free and

clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds

of sale; and

     (b) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the

Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007

Mitsubishi (VIN number JL6DGM1E47K004461) to International Freight Logistics, Ltd. for the

total sum of $19,000.00, free and clear of all liens, claims or other interests which may exist, if any,

with liens to attach to the proceeds of sale; and

     (c) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the

Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007 Chrysler Town and Country (VIN number 1A4GJ45RX7B120276) to Quick International Courier for the total sum of $6,500.00 free and clear of all liens, claims or other interests which may exists, if any, with liens to attach to the proceeds of the sale; and

(d) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2008 Freightliner (VIN number 1FVACWDJ18HZ91275) to HUB Truck Rental Corporation for the total sum of $33,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(e) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's right, title and interest in a 2007 International (VIN number 1HTMMAAM67H387309) to Chap A Nosh of Cedarhurst Inc. for the total sum of $26,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(f) authorizing the trustee, pursuant to 11 U.S.C. § 363(b) and (f) and Rule 6004 of the Federal Rules of Bankruptcy Procedure to sell the estate's rights, title and interest in a 2007 Ford E-350 Super Duty XL (VIN number 1FBNE31LX7DA18806) to the National Institute for People with Disabilities of New Jersey for the total sum of $5,700.00, free and clear of all liens, claims, or other interests which may exist, if any, with liens to attach to the proceeds of the sale; and

(g) authorizing the trustee to execute any documents necessary to effectuate the sale of the estate's right, title and interest in the vehicles; and

(h) for such other and further relief as the Court deems just and proper.

## PROCEDURAL HISTORY

2. Voluntary petitions pursuant to Chapter 11 of Title 11 of the United States Code were

filed by the Debtors on October 9, 2009.

3. On September 2, 2010, the Court signed an order converting these cases from Chapter 11 to Chapter 7, and Kenneth Kirschenbaum was appointed the Chapter 7 trustee, in which capacity he continues to serve.

## BACKGROUND

4. In 1996, 2001, and 2004, Sovereign Bank ("Sovereign") and/or its predecessor in interest, entered into various loan and security agreements (the "Island Agreements") with All Island Truck Leasing Corporation ("All Island"), pursuant to which Sovereign agreed to make advances to All Island for All Island's purchase of vehicles which Island would then lease to third party lessees in connection with All Island's vehicle-leasing business.

5. As security for All Island's repayment of the loans made pursuant to All Island Agreements, All Island granted Sovereign first priority purchase money security interests in, among other things, vehicles purchased with the loan proceeds, as well as on the leases, rental proceeds generated from leased vehicles, insurance on the vehicles, accounts and chattel paper.

6. On or about February 17, 2007, Sovereign entered into a loan and security agreement (the "AIT Agreement") with AIT Trucking Corporation ("AIT"), pursuant to which Sovereign agreed to make advances to AIT for AIT's purchase of vehicles, which AIT would then lease to third party lessees in connection with AIT's vehicle-leasing business.

7. As security for repayment of all loans under the AIT Agreement, AIT granted Sovereign, first priority purchase money security interests, among other things, in all vehicles purchased with the loan proceeds, all leases related to Sovereign-financed vehicles, all insurance on all Sovereign-financed vehicles, and all rental proceeds generated from Sovereign's leased vehicles.

8. Sovereign asserts a properly perfected first priority security interest in the collateral, which the Trustee acknowledges and does not dispute.

9. The Trustee and Sovereign have engaged in discussions and have come to an agreement concerning the Trustee's protection, maintenance and sale of the Sovereign-financed vehicles. A copy of the "So Ordered" stipulation (the "Stipulation") granting the Trustee the authority to take action with respect to the Sovereign-financed vehicles is annexed hereto as Exhibit "A".

## SALES AGREEMENTS

10. FBF Services, Inc. made an irrevocable offer to purchase the 2005 Kenworth T 300 Medium Tractor (VIN Number 2XKMAZ8X45M102503), the 2007 International 4300 Straight Truck (VIN Number 1HTMMAAN77H403493), the 2004 International 4300 Straight Truck (VIN Number 1HTMMAAN54H612808), and the 2007 International 4300 Straight Truck (VIN Number 1HTMMAANX7H520856) for the sum of $55,00.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of sale.

11. International Freight Logistics, Ltd. made an irrevocable offer to purchase the 2007 Mitsubishi (VIN number JL6DGM1E47K004461) for the total sum of $19,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of sale.

12. Quick International Courier made an irrevocable offer to purchase the 2007 Chrysler Town and Country (VIN number 1A4GJ45RX7B120276) for the total sum of $6,500.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of sale.

13. HUB Truck Rental Corporation made an irrevocable offer to purchase the 2008 Freightliner (VIN number 1FVACWDJ18HZ91275) for the total sum of $33,000.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of sale.

14. Chop A Nosh of Cedarhurst Inc. made an irrevocable offer to purchase the 2007 International (VIN number 1HTMMAAM67H387309) for the total sum of $26,000.00, free and

clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale.

15. The National Institute for People with Disabilities of New Jersey made an irrevocable offer to purchase the 2007 Ford E-350 Super Duty XL (VIN number 1FBNE31LX7DA18806) for the total sum of $5,700.00, free and clear of all liens, claims or other interests which may exist, if any, with liens to attach to the proceeds of the sale.

16. The Trustee believes that all of these offers are fair and reasonable and in the best interest of the creditors. Furthermore, pursuant to the terms of the Stipulation between the Trustee and Sovereign, Sovereign has accepted these offers.

17. Because no novel issues of law exist, request is being made for the Court to dispense with the requirement that a memorandum of law accompany this application. However, the Trustee is hereby reserving his right to submit a memorandum of law to the Court in the event any opposition to the motion is filed.

18. No prior application has been made to this Court or to any other court for the relief requested in this application.

**WHEREFORE**, it is respectfully requested that the Court grant the instant application in its entirety.

Dated: Garden City, New York
October 29, 2010

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorneys for the Trustee

By: _Stacy Spector_

Stacy Spector
200 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 747-6700

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| ALL ISLAND TRUCK LEASING CORP. AND AIT TRUCKING CORP., | Case Nos. 09-77670 (REG) Jointly administered |
| Debtors. | |

## ~~AMENDED~~ STIPULATION AND ORDER GRANTING CHAPTER 7 TRUSTEE AUTHORITY TO TAKE ACTIONS WITH RESPECT TO COLLATERAL OF SOVEREIGN BANK

This Stipulation and Order (the "<u>Stipulation</u>") is made and entered into on the dates respectively set forth below, by and between Sovereign Bank ("<u>Sovereign</u>") and Kenneth Kirschenbaum, Chapter 7 Trustee (the "<u>Trustee</u>") for All Island Truck Leasing Corporation ("<u>Island</u>") and AIT Trucking Corporation ("<u>AIT</u>," and collectively with Island, the "<u>Debtors</u>"). Sovereign and the Trustee shall be collectively referred to herein as the "<u>Parties</u>." In consideration of the respective promises, representations, warranties and acknowledgements set forth below, the Parties agree as follows:

**WHEREAS,** in 1996, 2001 and 2004, Sovereign and/or its predecessor in interest, entered into a various Loan and Security Agreements with Island (collectively, the "<u>Sovereign Island Agreements</u>"), pursuant to which Sovereign agreed to make advances to Island for Island's purchase of vehicles which Island would then lease to third party lessees in connection with Island's vehicle-leasing business; and

**WHEREAS,** as security for Island's repayment of the loans made pursuant to Sovereign Island Agreements, Island granted Sovereign first priority purchase money security interests on, among other things, the vehicles purchased with the loan proceeds, as well as on the Leases, rental proceeds generated from those financed vehicles, insurance on the financed vehicles, accounts and chattel paper (the "<u>Sovereign Island Collateral</u>"); and

**WHEREAS,** on or about February 17, 2007, Sovereign entered into a Loan and Security Agreement with AIT (the "<u>Sovereign AIT Agreement</u>"), pursuant to which Sovereign agreed to make advances to AIT for AIT's purchase of vehicles, which AIT would then lease to a third party lessee in connection with AIT's vehicle-leasing business; and

**WHEREAS,** as security for repayment of all amounts owed under the Sovereign AIT Agreement, AIT granted Sovereign, among other things, first priority purchase money security interests in all vehicles purchased with Sovereign's loan proceeds, all leases related to Sovereign-financed vehicles, all insurance on all Sovereign-financed vehicles, and all rental proceeds received on account of leases related to Sovereign-financed vehicles (the "<u>Sovereign AIT Collateral</u>," and collectively wit the Sovereign Island Collateral, the "<u>Sovereign Collateral</u>"); and

**WHEREAS,** Sovereign asserts properly perfected first priority security interests in the Sovereign Collateral, which the Trustee acknowledges and does not dispute; and

**WHEREAS,** on October 9, 2009, (the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code; and

**WHEREAS,** during the pendency of the Debtors' Chapter 11 cases, the Debtors and Sovereign entered into a series of consensual arrangements, whereby the Debtors were permitted to use Sovereign's cash collateral, wherein, among other things, Sovereign was granted liens against all the Debtors' assets, both encumbered and encumbered, as adequate protection for the use of Sovereign's cash collateral;

**WHEREAS,** among the orders entered by the Bankruptcy Court authorizing the Debtors' use of Sovereign's cash collateral was a Fifth Interim Cash Collateral Order, entered on March 31, 2010 (the "Fifth Interim Order"), which authorized the Debtors to use Sovereign's cash collateral during the period through and including August 31, 2010 in exchange for, among other things, the Debtors' making of adequate protection payments to Sovereign of $60,000 per month and the return to Sovereign of five (5) off-lease Sovereign-financed vehicles per month;

**WHEREAS,** the Debtors failed to comply with their obligations under the Fifth Interim Order by failing to make their required monthly adequate protection payments to Sovereign for June, July and August 2010 and by failing to turn over to Sovereign the off-lease Sovereign-financed vehicles required under the Fifth Interim Order;

**WHEREAS,** on September 2, 2010, the Bankruptcy Court entered an Order converting the Debtors' bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code;

**WHEREAS,** on or about September 2, 2010, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee for the Debtors; and

**WHEREAS,** Sovereign and the Trustee have engaged in discussions and have come to agreement concerning the Trustee's protection, maintenance and sale of the Sovereign Collateral, some of which is in the possession of third party lessees;

**NOW, THEREFORE,** for good and valuable consideration, the receipt of which is hereby acknowledged and which consideration includes, without limitation, the mutual promises and covenants set forth herein, the parties hereto hereby agree as follows:

<u>AGREEMENT</u>

1.    **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made part of this Stipulation.

2.    **Protection and Preservation of the Sovereign Collateral.** The Trustee shall take all steps reasonably necessary to preserve and protect the value of the Sovereign Collateral.

3.    **Third-Party Leases.** The Trustee shall, subject to Sovereign's approval, (i) take all reasonably necessary steps to collect any and all amounts due from third party lessees under leases relating to Sovereign-financed vehicles that are part of the Sovereign Collateral (the "Sovereign Vehicles") and (ii) take all reasonably necessary steps to recover the Sovereign Vehicles from third party lessees and/or sell the Sovereign Vehicles. As and when any Sovereign vehicles are returned

by third party lessees to the Debtors' premises, the Trustee shall immediately inform Sovereign's counsel in writing, and shall provide Sovereign's counsel with the VIN number of the recovered Sovereign Vehicle.

4.    **Sale of Sovereign Vehicles.** The Trustee shall, in an expedited manner, take all steps reasonably necessary to sell the Sovereign Vehicles for prices reasonably acceptable to Sovereign. Within a reasonable period of time from the Trustee's receipt of the proceeds thereof, the Trustee shall turn over to Sovereign the net proceeds from the sale of any Sovereign Collateral, while retaining a reserve for payment of the Trustee's compensation and expenses, as set forth in paragraph 5 hereof, his auctioneer's commissions and expenses related to sales of Sovereign Vehicles, as set forth in paragraph 5 hereof, reasonable counsel fees and expenses directly incurred for Sovereign's benefit, as set forth in paragraph 5 hereof and/or other expenses directly incurred for Sovereign's benefit, as set forth in paragraph 5 hereof. On or before the 10th day of each month in which services are performed, the Trustee shall submit a proposed order with notice of settlement to the Court upon ten days notice to Sovereign's counsel via e-mail (jschwartz@riker.com and klarner@riker.com) and to the Office of the United States Trustee via e-mail (al.m.dimino@usdoj.gov or any other e-mail address designated by the Office of the United States Trustee), which order shall fix the compensation and expenses of the Trustee (including those administrative expenses payable to third parties which are incurred by the Trustee in administering the Sovereign Collateral for the benefit of Sovereign as set forth in paragraph 5 below) and the fees and expenses of the Trustee's counsel, Kirschenbaum & Kirschenbaum, P.C., and authorize payment of said fees and expenses by the Trustee from the proceeds of any Sovereign collateral. If no objection is filed and served by Sovereign or the United States Trustee within the ten day notice period, Sovereign shall be deemed to have approved the fees and expenses sought and the payment of said fees and expenses, and the Court may sign the order without any further notice or a hearing. Upon entry of the order, the Trustee shall be permitted to pay all fees and expenses as set forth in the order without further notice. If Sovereign or the United States Trustee serves and files an objection, and the parties are unable to reach a consensual resolution, the Parties agree that the Bankruptcy Court shall set the matter down for a hearing to determine the extent to which such fees and expenses in question shall be paid from the Sovereign Collateral. The Trustee shall not be entitled to pay his counsel's fees and expenses unless and until the Trustee has turned over to Sovereign the net proceeds from the sale of any Sovereign Collateral.

5.    **Carveout for Trustee's Commissions and Professional Fees.** As set forth in paragraph 4 hereof, Sovereign shall pay, as a carveout from the proceeds of the Sovereign Collateral, under 11 U.S.C § 506(c): (i) the Trustee's compensation directly earned with respect to the Trustee's recovery or sale of the Sovereign collateral; said compensation to be calculated consistent with the statutory scheme for the computation of trustee commissions set forth in 11 U.S.C. § 326(a), (ii) the statutory commissions of the Trustee's auctioneer related to the sale of Sovereign Vehicles, (iii) the reasonable fees and expenses, including postage, photocopies and filing fees, if any, of the Trustee's counsel, Kirschenbaum & Kirschenbaum PC, directly incurred solely for Sovereign's benefit, (iv) compensation to Mark Rauch of $50 per hour and (v) Kirschenbaum & Kirschenbaum, P.C. for its office space in the amount of $750 per month for as long as Mark Rauch is assisting the Trustee with respect to the Sovereign Collateral and is utilizing said office space. For avoidance of doubt, Sovereign shall be responsible only for the reasonable fees and expenses of the Trustee's counsel specifically and directly related to the preservation or sale of the Sovereign Collateral.

6.     **Unsecured Creditors' Fund.**  Sovereign shall fund, as a carveout from the proceeds of the Sovereign Collateral, an unsecured creditor's fund in the amount of $15,000, which shall be used by the Trustee to make distributions on account of allowed unsecured claims against the Debtors' bankruptcy estates.

7.     **Effective Period.**  The obligations of the Parties under this Stipulation shall be effective as of September 2, 2010, the date of the Trustee's appointment, and shall remain in effect until either Sovereign or the Trustee sends the other written notice that this Stipulation should terminate, which notice shall be provided at least three (3) days prior to termination.  In the event Sovereign elects to terminate this agreement after the Trustee has recovered certain Sovereign Vehicles, but has not yet sold those vehicles, Sovereign shall nonetheless allow the Trustee to effect the sale of the Sovereign Vehicles so recovered in order for the Trustee to receive all compensation that the Trustee would otherwise be entitled to receive in accordance with 11 U.S.C. § 326(a).  However, if Sovereign prevents the Trustee from selling Sovereign Vehicles recovered but not yet sold, the Trustee shall be entitled to receive as compensation the greater of: (i) commissions earned consistent with 11 U.S.C. § 326(a) for sales occurring up to the termination date or (ii) the Trustee's customary hourly rate in his capacity as an attorney for a reasonable number of hours the Trustee has worked on Sovereign's behalf through the date of Sovereign's notice to discontinue providing services on Sovereign's behalf.  Any dispute concerning Trustee compensation shall be determined in accordance with the procedures set forth in paragraph 4 hereof.

8.     **Reservation of Rights.**  Sovereign reserves rights to (i) seek payment for any amount due from the Debtors' for unpaid adequate protection payments or (ii) pursue any other claim or cause of action which Sovereign deems necessary and appropriate to protect its interests.

9.     **No Waivers.**  No Party hereto shall be deemed to have waived any of their rights hereunder unless such waiver shall be in writing and duly signed by an authorized officer or agent of such party.  No waiver on any party's part on any one occasion shall be deemed a waiver on any other occasion, and no delay by either party  in enforcing any right hereunder or under the related documents shall be deemed to be a waiver of such right.

10.     **Binding Effect.** T his Stipulation shall inure to the benefit of and be binding upon the Parties hereto and their respective successors, assigns, heirs, executors and administrators.

11.     **Construction.**  It is the intent of the parties that this Stipulation shall be construed to affect the purpose and intent of the parties without further litigation and any rule of construction providing that ambiguity shall be construed against the draftsman shall not apply against any party.

12.     **Headings.**  The section headings are for ease of reference only and shall not be used to interpret or limit any term hereof.

13.     **Choice of Law and Jurisdiction.**  This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable federal law.  The Parties hereby agree to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Bankruptcy Court.

14.     **Entire Agreement.**  This Stipulation represents the entire agreement between the Parties and this Agreement cannot be orally altered, amended or modified.  It is the intentions of the

4

Parties that this paragraph be construed as a merger clause and that this Agreement be construed as an integrated document.

15.     **Representations of Authority.**     The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she is signing.

16.     **Counterparts.**     This agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties  appear on a single signature page hereto.  It shall not be necessary, in making proof of this Agreement, to produce or account for more than one (1) counterpart.

17.     **Facsimile Signatures.**     A facsimile or PDF signature on this Stipulation shall be deemed to be an original signature for all purposes.  In the event that suit or a proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation bearing original signatures of the Parties, other than facsimile or PDF signatures.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed

by their duly authorized representatives as of the date set forth below:

Dated: October _11_, 2010

**SOVEREIGN BANK**
By: _s/ Joseph L. Schwartz_
Joseph L. Schwartz, Esq. (Admitted Pro Hac Vice)
Kevin J. Larner, Esq. (KL-8627)
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Counsel for Sovereign Bank

Dated: October _11_, 2010

**KENNETH KIRSCHENBAUM, CHAPTER 7 TRUSTEE**
By: _s/ Steven B. Sheinwald_
Steven B. Sheinwald, Esq. (SS-6336)
KIRSCHENBAUM & KIRSCHENBAUM, P.C.
200 Garden City Plaza
Garden City, NY 11530
(516) 747-6700
Counsel for Kenneth Kirschenbaum, Chapter 7 Trustee

No Objection
United States Trustee

By: _s/ Alfred Dimino_
Alfred Dimino, Esq.

2

Dated: Central Islip, New York
October 20, 2010

Robert E. Grossman
**United States Bankruptcy Judge**

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

                                    Debtor.
------------------------------------------------------------X

Chapter 7
Case No.: 809-77670-reg
Case No. 809-77668-reg
Jointly Administered

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                                      )SS.:
COUNTY OF NASSAU  )

DENISE POP, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at Kew Gardens, New York.

On October 29, 2010, I served a true copy of the annexed **NOTICE OF MOTION and APPLICATION** in the following manner:

BY: Mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the following addressee(s):

See annexed list which represents all parties in interest.

DENISE POP

Sworn to before me on this
29th day of October, 2010

NOTARY PUBLIC

Stacy Spector
Notary Public, State of New York
No. 02SP6164321
Qualified in Suffolk County
My Commission Expires April 16, 2011

AIT Trucking Corp.
3467 Hampton Road
Oceanside, NY 11572

All Island Truck Leasing Corp.
3480 Hampton Road
Oceanside, NY 11572

All Points Capital Corporation
c/o Helfand & Helfand
60 East 42nd Street, Ste. 1048
New York, NY 10165

General Electric Capital Corp.
c/o The Dorf Law Firm LLP
740 W Boston Post Rd Suite 304
Mamaroneck, NY 10543

Giffuni and Young CPA, P.C.
140 Fell Court Suite 101
Hauppuage, NY 11788

Hirshfield & Kantor LLP
534 Broadhollow Road
Melville, NY 11747

Nassau County Attorney's Office
One West Street
Mineola, NY 11501

Navistar Financial Corporation
425 N. Martingale Road 18th Fl
Schaumburg, IL 60173

United States Trustee Long Island
Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

ADP
2 Huntington Quad.
Melville, NY 11747

AES Inc.
41 New Street
Oceanside, NY 11572

AICCO, Inc.
100 I Windstead Drive, Ste. 500
Cary, NC 27513

ANL-USL
PO Box 1209
Mobile, AL 36652

AT&T Mobility
PO Box 6463
Carol Stream, IL 60197-6463

Action Tire Services
58-74 Grand Avenue
Maspeth, NY 11378

Aircore Distributors
100 Rose Avenue
Hempstead, NY 11550-6645

All System Brake Service
1 Old Dock Rd.
Yaphank, NY 11980

All System Brake Service
110 Wyandanch Ave.
Wyandanch, NY 11798

Ameritlex
700 East Gate Dr., Ste. 510
Mount Laurel, NJ 08054

Atlantic States Lubricants Corp.
147 Gazza Blvd.
Farmingdale, NY 11735

B&N Industries
111 Albany Avenue
Freeport NY 11520

Bank of America
300 Broadhollow Rd
Melville, NY 11747

Barnwell House of Tires
2020 Lakeland Avenue
Ronkonkoma, NY 11779

Bellmore Auto Radiator Co.
116E Merrick Road
Freeport, NY 11520

Blue Ribbon Cleaners
1009 Oyster Bay Rd. East
Norwich. NY 11732

Brake Service Group
170 Herrick Road
New Hyde Park, NY I J 040

CMA CGM Delams
570 I Lake Wright Drive
Norfolk, VA 23502

CMACGM
61 Broadway Suite 1410
New York NY 10006

CTL
1207 Tonnelle Ave.
North Bergen, NJ 07047

Campinelli & Associates
1299 Front Street
Mineola, NY 11501

Cilltas
500 South Research Place
Central Islip, NY 11722

Citgo
PO Box 2224
Birmingham AL 35246-0017

City of New York Department of
Finance-Legal Affairs Div
345 Adams Street
Brooklyn NY 11201

Columbia Chemical Corp,
PO 13070
Freeport, NY 11520-0070

Colvin Motor Parts
2273 Babylon Turnpike
Merrick, NY 1 1566

Country Ford
210 Gardiners Avenue
Levittown, NY 11756

Deily, Mooney & Glastetter LLP
Attn.: F. Matthew Jackson, Esq.
8 Thurlow Terrace
Albany, NY 12203

NYS Dept. of Tax and Finance
120 Broadway - 24th Floor
New York, NY 10271

EMBARQ
PO Box 96064
Charlotte, NC 28296-0064

Emblem Health Services Co. LLC
PO Box 376
New York, NY 10008-3736

Empire Commerical Services, LP
543 Cary Avenue
Staten Island, NY 10310

Eveready Auto Shop Supplies Inc.
18 Roselle St.
Mineola, NY 11501

Evergreen Shipping Agency Corp.
I Evertrust Plaza
Jersey City, NJ 07302

Exxon Mobil
PO Box 688938
Des Moines, IA 50368

FFG-NJ Vehicle Funding
1 Huntington Quadrangle
Melville, NY 11747

Federal Motor Carrier Safety
Administration  Eastern Service
802 Cromwell Park Drive Suite N
Glen Burnie MD 21061

GE Commerical Finance
1590 Adamson Parkway #350
Morrow, GA 30260

General Electric Capital
Corporation
300 John Carpenter Fwy, Suite 302
Irving, TX 75062

General Security
100 Fairchild Avenue
Plainview, NY 11803-9807

Giffuni and Young
110 Fell Court Stc. 101
Hauppnuge. NY 11788

Gulf
PO Box 900
Louisville, KY 40290-1001

Gulf Oil Limited Partners
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374

HITACHI CAPITAL AMERICA
CORP.
800 CONNECTICUT AVENUE
Norwalk, CT 06854

Hapag-Lloyd
3350 Highway 138, Bldg. I.
Ste. 211
Belmar. NJ 07719

IPFS Corp. success in interest to
AICCO, Inc. Imperial Credit
101 Hudson St./34th Floor
Jersey City, N.J. 07302

Idearc Media, f/k/a Verizon
Directories
5601 Executive Drive
Irving TX 75038

Internal Revenue Service
11601 Roosevelt Blvd.
P.O. Box 21126
Philadelphia, PA 19114

K Line America Inc.
6730 Stony Point Pkwy Ste. 400
Richmond, VA 23235

LIPA  Attn: Elisa M Pugliese Esq.
175 East Old Country Road
Hicksville, NY 11801

LIPA
PO Box 888
Hicksville, NY 11802-0888

Lowes
PO Lh' 530Y70
Atlanta GA 30353-0970

Mack Financial Services
7025 Albert Pick Road, Suite 105
(27409) PO Box 26131
Greensboro, NC 27402-6131

Melvin Gordon
c/o Mirman Markovits & Landau
291 Broadway, 6th Floor
New York NY 10007

Metro Group Maritime
61 Broadway Suite 1410
New York NY 10006

Moreland Hose & Belting Corp.
135 Adams Ave.
Hempstead, NY 11550

Moritt Hock Hamroff & Horowitz
400 Garden City Plaza, Ste. 202 .
Garden City, NY 11530

NYC Dept of Finance
345 Adams Street 3RD Floor
Brooklyn NY 11201
Attn: Saul T. Fishman

NYS Dept. of Taxation & Finance
Bankruptcy Unit
PO BOX 5300
Albany, NY 12205-5300

NYS Insurance Fund Workman
Comp
PO Box 4788
Syracuse NY 13221-4788

National Grid
PO Box 9040
Hicksville. NY 11802-9500

Navistar Financial Corporation
2400 Commerce Ave., Bldg. 1100
Suite 100
Duluth, GA 30096

New York State Dept. of Labor
State Office Campus, Bldg. 12.
Rm. 256
Albany NY 12240

New York State Dept. of Taxation
& Finance
PO Box 22056
Albany, NY 12201

New York State Sales Tax
JAF Building
PO Box 1205
New York, NY 10113-1205

Oceanside Iron & Steel
342 I Hamptoll Rd.
Oceanside. NY 11572

Pitncy Bowes Purchase Power
5101 Interchange Way
Louisville. KY 10229-2161

Riker Danzig Scherer Hyland
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

SUOCO  Processing Center
PO Box 689156
Des Moines IA 50368-9156

Safelite Fulfillment Inc
PO Box 633197
Cincinnati.OH 15263-3197

Safmarine
600 Carnegie Boulevard
Charlotte. NC 28209-1637

Security Park
396 Marsh Street
Newark, NJ 07101

Sovereign
3 Huntington Quad, Ste 101 N
Melville, NY 11747

Sovereign Bank
1 Huntington Quad Suite 2N
Melville, NY 11747

Staples
PO 130x 689020
Des Moines, IA 50368

Superior Laundry Services, LLC
c/o Novak, Juhase & Stern
200 Sheffield Street, Ste. 205
Mountainside NJ 07092

Syosset Truck Sales, Inc.
1561 Stewart Avenue
Westbury, NY 11590-6612

Taurus Supply Inc.
57-65 59th St.
Maspeth, NY 11378

Tomino's Towing
37 Emerson Sl.
Ridgefield Park, NJ 07660

Toyota Motor Credit Corp.
c/o Adam M. Levy
75 Jackson Avenue
Syosset, NY 11791

Toyota Motor Credit Corporation
19001 S. Western Avenue
Mail Drop WF11
Torrance, CA 90509-2991

Toyota Motor Credit Corporation
PO Box 3457
Torrance, CA 90509-3457

U Water
PO 130 371332
Pittsburgh. PA 15250

UPS
PO Box 7247-0244
Philadelphia. PA 17170-0001

Union Country Seating & Supply
Co. Inc.
121 North Michigan Ave.
Kenilworth, NJ 07033

VFS US LLC
PO Box 26131
Greensboro, NC 27402

VFS US LLC
555 Seventeenth Street, Suite 3400
Denver, CO 80202

Van Buren Truck Sales Corp.
2257 Jericho Tpke
New Hyde Park, NY 11040-4707

Verizon
PO Box 15026
Albany, NY 12212

Verizon Wircless
PO Box 408
Newark NJ 07101-0408

Verizon  Yellow Pages
McCarthy Burgess
26000 Cannon Rd.
Bedford OH 44146

Waterboy Natural Spring Water
PO Box 11235
Hauppauge, NY 11788-0958

ZIM American Integrated Shipping
Co. Inc.
5801 Lake Wright Drive
Norfolk. VA 23502

Zep Manufacturing Company
P.O. Box 11405
Birmingham, AL. 35202

Zep Sales & Service
860 Nestle Way
Breinigsville, PA 18031

Anthony F Giuliano, Esq.
Pryor & Mandelup
675 Old Country Rd
Westbury, NY 11590

Megan M Adeyemo
555 Seventeenth Street Suite 3400
Denver, CO 80202

Gordon & Rees LLP 555
Seventeenth Street Suite 3400
Denver, CO 80202

ADP Inc.
PO Box 9001006
Louisville, KY 40290-1006

AICCO
PO Box  9045
New York, NY 10087-9045

AMX
PO Box 2855
New York, NY 10116-2855

Capital One Equipment Leasing &
Finance
265 Broadhollw Rd
Melville, NY 11747

EZ Pass
375 McCarter Hwy
Newark, NJ 07114-2562

General Electric Capital Corp.
PO Box 140849
Irving, TX 75014

Hess
PO Box 6293
Carol Stream, IL 60197-6293

Idearc
PO Box 619009
DFW Airport
Dallas, TX 75261

K-Line
8730 Stony Point Pkwy.
Richmond, VA. 23235

LIPA
PO Box 9039
Hicksville, NY 11802-9686

Parking Violations Bureau
25 Elm Place, 4th Floor
Brooklyn, NY 11201

Perfect Health
950 Grand Street
Brooklyn, NY 11211-2707

Sovereign Bank
2 Morrissey Blvd
Boston, MA 02125

Traffic Violations Bureau
PO Box 3674 Church Street
New York, NY 10008

Traffic Violations Bureau - Nassau
County
16 Cooper St.
Hempstead, NY 11550-4063

Verizon
PO Box 1100
Albany, NY 12250-0001

Premium Finance Specialist , Inc.
Imperial Credit Corporation
101 Hudson Street-34th Street
Jersey City, NJ 07302

Robert Poczatek
5 Laurel Place
Bayville, N.Y. 11709

Mark Rauch
2776 Brook Avenue
Oceanside, N.Y. 11572

Atlantic States Lubricants Corp.
147 Gazza Blvd.
Farmingdale, NY 11735