```
UNITED STATES BANKRUPTCY COURT                    Hearing Date: 2/28/11 @ 9:30 a.m.
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:
                                                  Chapter 7
ALL ISLAND TRUCK LEASING CORP.,                   Case No.: 09-77670-reg
AIT TRUCKING CORP.,                               Case No.: 09-77668-reg
                                                  (Jointly Administered)
                              Debtors.
------------------------------------------------------------X  NOTICE OF MOTION
```

PLEASE TAKE NOTICE that, in accordance with Bankruptcy Rule 9019, the undersigned will move this Court before the Honorable Robert E. Grossman, at the Long Island Federal Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York, on the 28th day of February 2011, at 9:30 a.m., or as soon thereafter as counsel can be heard for an order:

(a) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing the trustee to settle a controversy in accordance with the terms and conditions set forth in the settlement agreement that was entered into between the Trustee, Navistar Financial Corporation, and the New York State Department of Motor Vehicles, a copy of which is annexed hereto; and

(b) for such other and further relief as the Court deems just and appropriate.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, must be filed electronically in accordance with General Order #462 (which can be found at the Court's official website, www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's electronic filing system, and by all other parties in interest on a 3.5 inch computer disk in Portable Document Format (PDF), Corel WordPerfect, Microsoft Word, DOS text or a scanned image file together with an accompanying hard copy designated for the Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the above address together with proof by affidavit, admission or otherwise that copies have been properly served. Objections, if any, must be served upon: (i) the undersigned

counsel for the trustee; and (ii) the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 so as to actually be received no later than 5:00 p.m. on February 21, 2011, or the relief requested may be granted as unopposed.

Dated: Garden City, New York
       January 14, 2011

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorneys for the Trustee

By: _____
Fletcher W. Strong, Esq.
200 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 747-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

                        Debtors.
------------------------------------------------------X

Chapter 7
Case No.: 09-77670-reg
Case No.: 09-77668-reg
(Jointly Administered)

## APPLICATION FOR AN ORDER APPROVING SETTLEMENT OF CLAIM

**TO:**   **THE HONORABLE ROBERT E. GROSSMAN**
        **UNITED STATES BANKRUPTCY JUDGE**

The application of KENNETH KIRSCHEBAUM, Chapter 7 trustee, by his counsel, Kirschenbaum & Kirschenbaum, P.C., respectfully states:

1. This application is being submitted in support of the Trustee's request for an order:

(a) pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing the trustee to settle a controversy in accordance with the terms and conditions set forth in the settlement agreement that was entered into between the Trustee, Navistar Financial Corporation, and the New York State Department of Motor Vehicles, a copy of which is annexed hereto; and

(b) for such other and further relief as the Court deems just and appropriate.

2. On October 9, 2009, voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed by All Island Truck Leasing Corp. ("All Island") and AIT Trucking Corp. ("AIT" collectively, the "Debtors").

3. On September 2, 2010, the Debtors' cases were converted to Chapter 7 of the Bankruptcy Code and Kenneth Kirschenbaum was appointed Chapter 7 trustee (the "Trustee") of both bankruptcy estates (the "Estates"), in which capacity he continues to serve.

4. Navistar Financial Corporation ("Navistar") claims a secured lien in certain vehicles (the "Vehicles") owned by the Debtors based upon Navistar's filing of a UCC financing statement pre-petition

pursuant to which it is claiming a blanket interest in all trucks owned by the Debtor now or hereafter acquired. However, Navistar's lien was not recorded with the New York State Department of Motor Vehicles against the Vehicles' titles in accordance with the New York State Vehicle and Traffic Law (the "VTL").

5. The Trustee disputes Navistar's secured claim against the Vehicles based on Navistar's failure to have its lien recorded on the Vehicles' title certificates in accordance with the VTL.

6. Bank of America, successor in interest to Fleet National Bank ("BOA") is claiming a security interest in the Vehicles owned by All Island by virtue of BOA's filing a UCC financing statement pre-petition claiming a blanket security interest in all property of All Island. Like Navistar, BOA's lien was not recorded with the New York State Department of Motor Vehicles against the Vehicles' titles in accordance with the VTL. However, even assuming that BOA's filing its UCC financing statement created a validly perfected security interest in the Vehicles owned by All Island, because Navistar filed its UCC financing statement before BOA, BOA's lien in the Vehicles would be junior to Navistar's lien in the Vehicles. As such, BOA is not a party to the instant settlement agreement.

7. New York State Department of Taxation and Finance ("NYS") is claiming a security interest in the Vehicles owned by All Island by virtue of certain warrants filed by NYS against All Island pre-petition.

8. After extensive negotiations, the Trustee, Navistar, and NYS agreed to settle their dispute by avoiding 95% of Navistar's asserted lien against the Vehicles, and to the extent avoided, the preservation of such lien will be preserved for the benefit of the respective Estates pursuant to 11 U.S.C. § 551.

9. The remaining 5% of Navistar's lien against the respective Estates will be satisfied from the net proceeds of sale of the Vehicles according to the terms of the stipulation.

## APPROVAL OF THE SETTLEMENT PURSUANT TO RULE 9019

10. In accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure, this application seeks approval of the stipulation to settle the controversy between the Estates, Navistar, and NYS related to the secured claims of Navistar and NYS in certain Vehicles owned by the Debtors.

11. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

12. It is a well established principle that settlements are favored over continued litigation. *See In re* Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

13. A decision to either accept or reject a compromise and settlement is within the sound discretion of the court. *See In re* Drexel Burnham, 134 B.R. at 505. In examining a settlement, the responsibility of the bankruptcy judge is "to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re* W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted). Moreover, "a 'mini trial' on the merits is not required." *In re* Drexel Burnham, 134 B.R. at 505.

14. The standard for determining whether a proposed compromise or settlement remains above the lowest point in the range of reasonableness was set forth in the Supreme Court's holding in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), and in this Court's adoption of *Anderson* in *In re* NW Investors II, LLC, 2007 WL 2228151 (Bankr. E.D.N.Y.). The standard for reasonableness takes into account the following factors: (i) the balance between the likelihood of success compared to the present and future benefits offered by the settlement; (ii) the prospect of complex and protracted litigation if the settlement is not approved; (iii) the proportion of the class members who do not object or who affirmatively support the proposed settlement; (iv) the competency and experience of counsel who support the settlement; (v) the relative benefits to be received by individuals or groups within the class; (vi) the nature and breadth of releases to be obtained by officers

and directors; and (vii) the extent to which settlement is the product of arm's length bargaining. *See In re NW Investors*, 2007 WL 2228151 at *4; *In re Drexel Burnham*, 134 B.R. at 497; *In re Texaco Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

15. In determining whether a compromise or settlement should be approved, the bankruptcy court "need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. The Court can give weight to the Trustee's informed judgment that a compromise is fair and equitable." *In re Drexel Burnham*, 134 B.R. at 496. In addition, the court should not substitute its judgment for that of the trustee, but merely test whether the trustee's choice falls below the range of reasonableness. *See, In re Carla Leather*, 44 B.R. 457, 465 (Bankr.S.D.N.Y. 1984).

16. Finally, the Court may approve a settlement even if it believes that the trustee ultimately would succeed in the litigation of the pending matter. *In re Teltronics Services, Inc.*, 46 B.R. 426, 428 (E.D.N.Y. 1984).

## CONCLUSION

17. Continued litigation will be time consuming and costly to the Estates. The Trustee believes that allowing Navistar a secured claim equivalent to 5% of the amount of its asserted secured claim while preserving 95% of Navistar's asserted lien against the Vehicles for the benefit of the Estate, subject to the terms of the stipulation, is in the best interests of the respective Estates. NYS has also agreed to the terms of the stipulation of settlement based upon the fact that 95% of Navistar's lien will be preserved for the benefit of the Estate. Thus, settlement of the instant controversy subject to the terms of the stipulation is in the best interests of all parties involved, as well as the creditors of the respective Estates.

18. In light of the foregoing, the Trustee respectfully requests that the relief requested be granted in its entirety.

19. Based upon the fact that there are no novel issues, the Trustee hereby requests that the Court dispense with the requirement that a memorandum of law accompany this application. However, the

Trustee hereby reserves its right to submit a memorandum of law to the Court in the event any opposition to the motion is filed.

20. No prior application has been made to this Court or to any other court for the relief requested in this application.

Wherefore, your applicant prays for an order approving the Stipulation.

Dated: Garden City, New York
January 14, 2011

                                        Kirschenbaum & Kirschenbaum, P.C.
                                        Attorneys for the Trustee

                                        By: _____
                                        Fletcher W. Strong, Esq.
                                        200 Garden City Plaza, Suite 500
                                        Garden City, NY 11530
                                        (516) 747-6700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

Chapter 7
Case No.: 09-77670-reg
Case No.: 09-77668-reg
(Jointly Administered)

Debtors.
---------------------------------------------------------------X

## STIPULATION AND ORDER RESOLVING NAVISTAR'S SECURITY INTEREST IN VEHICLES OWNED BY DEBTORS ALL ISLAND TRUCK LEASING CORP. AND AIT TRUCKING CORP.

**WHEREAS**, on October 9, 2009, All Island Truck Leasing Corp. ("All Island") and AIT Trucking Corp. ("AIT" collectively the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on October 14, 2009, an Order was entered authorizing the joint administration of the Debtors' bankruptcy cases under Lead Case 09-77670; and

**WHEREAS**, on September 2, 2010, the Debtors' bankruptcy cases were converted to Chapter 7 of the Bankruptcy Code and Kenneth Kirschenbaum was appointed Chapter 7 trustee (the "Trustee") in both cases, in which capacity he continues to serve; and

**WHEREAS**, Navistar Financial Corporation ("Navistar") claims a validly perfected security interest in certain vehicles owned by each of the Debtors' estates; and

**WHEREAS**, Navistar perfected its lien against a portion of the Debtors' vehicles in which it claims a security interest by recording a Notice of Lien with the New York State Department of Motor Vehicles in accordance with the New York Vehicle and Traffic Law, and which liens were duly noted on the certificates of title for each of those vehicles; and

**WHEREAS**, Navistar moved to vacate the stay imposed by 11 USC § 362 with respect to those vehicles whose title certificates reflect Navistar's lien so as to permit Navistar to foreclose on its collateral, and the Trustee filed no objection to the granting of such relief; and

**WHEREAS**, on October 7, 2010 an Order granting relief from stay was entered in favor of

Navistar [Docket No. 178] (the "Order"); and

WHEREAS, Navistar filed a proof of claim against All Island (Claim No. 36) listing a total claim in the sum of $1,201,407.98 and categorized the claim as secured in its entirety; and

WHEREAS, Navistar estimates that, after all vehicles in which Navistar's lien was properly recorded on the title certificates have been sold and such sums have been used to reduce its claim against All Island, Navistar will be owed the sum of $641,513.04 from All Island; and

WHEREAS, 5% of Navistar's estimated total claim against All Island is the sum of $32,075.65; and

WHEREAS, Navistar filed a proof of claim against AIT (Claim No. 12) listing a total claim in the sum of $383,016.69 and categorized the claim as secured in its entirety; and

WHEREAS, Navistar estimates that after all vehicles in which Navistar's lien was properly recorded on the title certificates have been sold and such sums have been applied to reduce its claim against AIT, Navistar will be owed the sum of $195,126.94 from AIT; and

WHEREAS, 5% of Navistar's estimated total claim against AIT is the sum of $9,756.35; and

WHEREAS, the New York State Department of Taxation and Finance ("New York State") filed a proof of claim against All Island (Claim No. 23) listing a total secured claim against All Island in the sum of $806,044.18 based upon warrants filed in Nassau County on November 21, 2008; and

WHEREAS, Navistar filed UCC financing statements against both Debtors covering all new or used vehicles now or later acquired by the Debtors (the "Vehicles"); and

WHEREAS, Navistar originally filed its UCC financing statement covering the All Island Vehicles on March 23, 1998, and successive continuation statements were filed, the last one being filed on November 13, 2007; and

WHEREAS, Navistar originally filed its UCC financing statement covering the AIT Vehicles on August 26, 2008; and

WHEREAS, each of the Debtors' estates holds an ownership interest in vehicles against which Navistar did not record a Notice of Lien with the New York Department of Motor Vehicles; and

WHEREAS, the Trustee disputes Navistar's claimed security interest in the Vehicles to the extent the

claimed interest is based upon the UCC filings only, and not upon the filing of a Notice of Lien with the New York State Department of Motor Vehicles in accordance with the New York Vehicle and Traffic Law; and

**WHEREAS**, Navistar continues to assert a security interest in those Vehicles covered only by the UCC filings by virtue of Navistar's alleged exclusion from the recording provisions of the New York Vehicle and Traffic Law pursuant to Vehicle and Traffic Law, Art. 46, § 2102; and

**WHEREAS**, the parties recognize that they each have a good faith basis to advance their legal positions; and

**WHEREAS**, the Trustee and Navistar are desirous of resolving their dispute in a fair and equitable manner without any further cost or delay, and in a manner which is in the best interests of the creditors and the estate; and

**WHEREAS**, the Trustee believes that the compromise and settlement reached by the parties as set forth below is in the best interests of the estate.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Trustee and Navistar as follows:

1. For the sole purpose of fixing the secured claims of Navistar against each of the estates, the parties have agreed to utilize a net estimated claim (the "Net Estimated Claim") against each estate to determine the amount of Navistar's allowed secured claim against each estate.

2. The Net Estimated Claim shall be defined as the estimated balance which will be due and owing Navistar by each of the respective estates after all vehicles in which Navistar recorded a Notice of Lien with the New York Department of Motor Vehicles and subject to its Order have been liquidated and the estimated net liquidation proceeds have been applied to reduce the respective debt owed by each Debtor to Navistar.

3. The estimated net liquidation proceeds shall be calculated as the estimated sale proceeds less the costs of sale, including, but not limited to, administrative expenses.

4. For the sole purpose of fixing the secured claims of Navistar against each of the estates, the parties agree that the Net Estimated Claim of Navistar against the estate of All Island shall be $641,513.04,

3

and the Net Estimated Claim of Navistar against the estate of AIT shall be $195,126.94.

5. Navistar shall be entitled to an allowed secured claim against each of the estates in a sum equal to 5% of the Net Estimated Claim of Navistar against each of the estates. Thus, Navistar will be entitled to an allowed secured claim against All Island in the sum of $32,075.65 and an allowed secured claim against AIT in the sum of $9,756.35.

6. The liens asserted by Navistar based upon the UCC filings shall be avoided to the extent they exceed the allowed secured claims as provided by this Stipulation, but shall be preserved for the benefit of the respective estates pursuant to 11 U.S.C. § 551.

7. Following the liquidation of all the vehicles in which Navistar's lien was recorded on the title certificates that Navistar is able to locate and sell, and such sums have been applied to reduce Navistar's claims against All Island and AIT, Navistar shall file an amended proof of claim in each of the respective bankruptcy estates (the "Amended Claims").

8. To the extent Navistar's amended claim exceeds the sum of $32,075.65 in the All Island proceeding and the sum of $9,756.35 in the AIT proceeding, the liens claimed by Navistar shall be avoided and preserved for the benefit of the respective estates pursuant to 11 U.S.C. § 551.

9. Navistar waives any other or further security interest in property of the All Island estate over and above the allowed $32,075.65 secured claim.

10. To the extent that Navistar's amended claim against All Island exceeds $32,075.65, said amount shall be classified solely as an allowed general unsecured claim.

11. Navistar waives any other or further security interest in property of the AIT estate over and above the allowed $9,756.35 secured claim.

12. To the extent that Navistar's amended claim against AIT exceeds $9,756.35, said amount shall be classified solely as an allowed general unsecured claim.

13. New York State consents to: (a) the allowance of Navistar's secured claims against the estates of All Island and AIT vehicles as fixed in this Stipulation; (b) the avoidance of Navistar's claimed liens against both estates to the extent they exceed the allowed secured claims as fixed herein; and (c) to the

preservation of the avoided liens for the benefit of the respective estates pursuant to 11 U.S.C. § 551.

14. Once this stipulation is approved pursuant to court order, the Trustee is hereby authorized and directed to distribute to Navistar $32,075.65 from the net auction sale proceeds of the All Island vehicles which have no lien listed on the title certificates and $9,756.35 from the net auction sale proceeds of the AIT vehicles which have no lien listed on the title certificates which distribution shall occur as soon as possible after such net auction sales proceeds are available for distribution from the Trustee.

15. Upon the full execution of this stipulation, the Trustee will file an application pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking Bankruptcy Court approval to settle this controversy in accordance with the terms of this stipulation.

16. This stipulation is subject to approval by the Bankruptcy Court, and shall have no force and effect unless and until approved by the Bankruptcy Court. In the event that this stipulation is not approved, no portion thereof may be used in any subsequent litigation, and the rights and remedies of both parties shall be preserved as if this stipulation had not been executed.

17. This stipulation may be signed in counterparts which, when taken together, shall constitute a single document.

18. A facsimile or electronic signature of this Stipulation shall constitute an original signature.

Dated: Garden City, New York
December 15, 2010

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Chapter 7 Trustee

By: s/ Kenneth Kirschenbaum
  Kenneth Kirschenbaum, Esq.
  200 Garden City Plaza, Suite 500
  Garden City, New York 11530
  (516) 747-6700

DEILY, MOONEY & GLASTETTER, LLP
Counsel for Navistar Financial Corporation

By: s/F. Matthew Jackson
  F. Matthew Jackson, Esq.
  8 Thurlow Terrace
  Albany, NY 12203
  (518) 436-0344

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE


By:   s/John C. Miller
     John C. Miller, Esq.
     Building 9, Room 100
     W.A. Harriman Campus
     Albany, New York 12227


**SO ORDERED** this _____
day of _____, 2010


_____
HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of

ALL ISLAND TRUCK LEASING CORP.,
AIT TRUCKING CORP.,

                                       Debtors.
-----------------------------------------------------------------X

Chapter 7
Case No.: 809-77670-reg
Case No. 809-77668-reg
Jointly Administered

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                          )SS.:
COUNTY OF NASSAU )

    JENNIFER THOMPKINS, being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside at Brentwood, New York.

    On January 14, 2011, I served a true copy of the annexed **NOTICE OF MOTION and APPLICATION** in the following manner:

    BY: Mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the following addressee(s):

    See annexed list which represents all parties in interest.

                                                           _____
                                                                 JENNIFER THOMPKINS

Sworn to before me on this
14th day of January, 2011

_____
NOTARY PUBLIC

Fletcher W. Strong
Notary Public - State of New York
No. 02ST6229344
Qualified in New York County
Commission Expires October 12, 2014

| | | |
|---|---|---|
| AIT Trucking Corp.<br>3467 Hampton Road<br>Oceanside, NY 11572 | All Island Truck Leasing Corp.<br>3480 Hampton Road<br>Oceanside, NY 11572 | All Points Capital Corporation<br>c/o Helfand & Helfand<br>60 East 42nd Street, Ste. 1048<br>New York, NY 10165 |
| General Electric Capital Corp.<br>c/o The Dorf Law Firm LLP<br>740 W Boston Post Rd Suite 304<br>Mamaroneck, NY 10543 | Giffuni and Young CPA, P.C.<br>140 Fell Court Suite 101<br>Hauppuage, NY 11788 | Hirshfield & Kantor LLP<br>534 Broadhollow Road<br>Melville, NY 11747 |
| Nassau County Attorney's Office<br>One West Street<br>Mineola, NY 11501 | Navistar Financial Corporation<br>425 N. Martingale Road 18th Fl<br>Schaumburg, IL 60173 | United States Trustee Long Island<br>Federal Courthouse<br>560 Federal Plaza - Room 560<br>Central Islip, NY 11722-4437 |
| ADP<br>2 Huntington Quad.<br>Melville, NY 11747 | AES Inc.<br>41 New Street<br>Oceanside, NY 11572 | AICCO, Inc.<br>100 I Windstead Drive, Ste. 500<br>Cary, NC 27513 |
| ANL-USL<br>PO Box 1209<br>Mobile, AL 36652 | AT&T Mobility<br>PO Box 6463<br>Carol Stream, IL 60197-6463 | Action Tire Services<br>58-74 Grand Avenue<br>Maspeth, NY 11378 |
| Aircore Distributors<br>100 Rose Avenue<br>Hempstead, NY 11550-6645 | All System Brake Service<br>1 Old Dock Rd.<br>Yaphank, NY 11980 | All System Brake Service<br>110 Wyandanch Ave.<br>Wyandanch, NY 11798 |
| Ameritlex<br>700 East Gate Dr., Ste. 510<br>Mount Laurel, NJ 08054 | Atlantic States Lubricants Corp.<br>147 Gazza Blvd.<br>Farmingdale, NY 11735 | B&N Industries<br>111 Albany Avenue<br>Freeport NY 11520 |
| Bank of America<br>300 Broadhollow Rd<br>Melville, NY 11747 | Barnwell House of Tires<br>2020 Lakeland Avenue<br>Ronkonkoma, NY 11779 | Bellmore Auto Radiator Co.<br>116E Merrick Road<br>Freeport, NY 11520 |
| Blue Ribbon Cleaners<br>1009 Oyster Bay Rd. East<br>Norwich, NY 11732 | Brake Service Group<br>170 Herrick Road<br>New Hyde Park, NY I J 040 | CMA CGM Delams<br>570 I Lake Wright Drive<br>Norfolk, VA 23502 |
| CMACGM<br>61 Broadway Suite 1410<br>New York NY 10006 | CTL<br>1207 Tonnelle Ave.<br>North Bergen, NJ 07047 | Campinelli & Associates<br>1299 Front Street<br>Mineola, NY 11501 |

| | | |
|---|---|---|
| Cilltas<br>500 South Research Place<br>Central Islip, NY 11722 | Citgo<br>PO Box 2224<br>Birmingham AL 35246-0017 | City of New York Department of Finance-Legal Affairs Div<br>345 Adams Street<br>Brooklyn NY 11201 |
| Columbia Chemical Corp,<br>PO 13070<br>Freeport, NY 11520-0070 | Colvin Motor Parts<br>2273 Babylon Turnpike<br>Merrick, NY 11566 | Country Ford<br>210 Gardiners Avenue<br>Levittown, NY 11756 |
| Deily, Mooney & Glastetter LLP<br>Attn.: F. Matthew Jackson, Esq.<br>8 Thurlow Terrace<br>Albany, NY 12203 | NYS Dept. of Tax and Finance<br>120 Broadway - 24th Floor<br>New York, NY 10271 | EMBARQ<br>PO Box 96064<br>Charlotte, NC 28296-0064 |
| Emblem Health Services Co. LLC<br>PO Box 376<br>New York, NY 10008-3736 | Empire Commercial Services, LP<br>543 Cary Avenue<br>Staten Island, NY 10310 | Eveready Auto Shop Supplies Inc.<br>18 Roselle St.<br>Mineola, NY 11501 |
| Evergreen Shipping Agency Corp.<br>I Evertrust Plaza<br>Jersey City, NJ 07302 | Exxon Mobil<br>PO Box 688938<br>Des Moines, IA 50368 | FFG-NJ Vehicle Funding<br>1 Huntington Quadrangle<br>Melville, NY 11747 |
| Federal Motor Carrier Safety Administration Eastern Service<br>802 Cromwell Park Drive Suite N<br>Glen Burnie MD 21061 | GE Commercial Finance<br>1590 Adamson Parkway #350<br>Morrow, GA 30260 | General Electric Capital Corporation<br>300 John Carpenter Fwy, Suite 302<br>Irving, TX 75062 |
| General Security<br>100 Fairchild Avenue<br>Plainview, NY 11803-9807 | Giffuni and Young<br>110 Fell Court Ste. 101<br>Hauppnuge. NY 11788 | Gulf<br>PO Box 900<br>Louisville, KY 40290-1001 |
| Gulf Oil Limited Partners<br>c/o Creditors Bankruptcy Service<br>PO Box 740933<br>Dallas, TX 75374 | HITACHI CAPITAL AMERICA CORP.<br>800 CONNECTICUT AVENUE<br>Norwalk, CT 06854 | Hapag-Lloyd<br>3350 Highway 138, Bldg. I.<br>Ste. 211<br>Belmar. NJ 07719 |
| IPFS Corp. success in interest to AICCO, Inc. Imperial Credit<br>101 Hudson St./34th Floor<br>Jersey City, N.J. 07302 | Idearc Media, f/k/a Verizon Directories<br>5601 Executive Drive<br>Irving TX 75038 | Internal Revenue Service<br>11601 Roosevelt Blvd.<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| K Line America Inc.<br>6730 Stony Point Pkwy Ste. 400<br>Richmond, VA 23235 | LIPA Attn: Elisa M Pugliese Esq.<br>175 East Old Country Road<br>Hicksville, NY 11801 | LIPA<br>PO Box 888<br>Hicksville, NY 11802-0888 |

| | | |
|---|---|---|
| Lowes<br>PO Lh' 530Y70<br>Atlanta GA 30353-0970 | Mack Financial Services<br>7025 Albert Pick Road, Suite 105<br>(27409) PO Box 26131<br>Greensboro, NC 27402-6131 | Melvin Gordon<br>c/o Mirman Markovits & Landau<br>291 Broadway, 6th Floor<br>New York NY 10007 |
| Metro Group Maritime<br>61 Broadway Suite 1410<br>New York NY 10006 | Moreland Hose & Belting Corp.<br>135 Adams Ave.<br>Hempstead, NY 11550 | Moritt Hock Hamroff & Horowitz<br>400 Garden City Plaza, Ste. 202 .<br>Garden City, NY 11530 |
| NYC Dept of Finance<br>345 Adams Street 3RD Floor<br>Brooklyn NY 11201<br>Attn: Saul T. Fishman | NYS Dept. of Taxation & Finance<br>Bankruptcy Unit<br>PO BOX 5300<br>Albany, NY 12205-5300 | NYS Insurance Fund Workman<br>Comp<br>PO Box 4788<br>Syracuse NY 13221-4788 |
| National Grid<br>PO Box 9040<br>Hicksville. NY 11802-9500 | Navistar Financial Corporation<br>2400 Commerce Ave., Bldg. 1100<br>Suite 100<br>Duluth, GA 30096 | New York State Dept. of Labor<br>State Office Campus, Bldg 12.<br>Rm. 256<br>Albany NY 12240 |
| New York State Dept. of Taxation<br>& Finance<br>PO Box 22056<br>Albany, NY 12201 | New York State Sales Tax<br>JAF Building<br>PO Box 1205<br>New York, NY 10113-1205 | Oceanside Iron & Steel<br>342 I Hamptoll Rd.<br>Oceanside. NY 11572 |
| Pitncy Bowes Purchase Power<br>5101 Interchange Way<br>Louisville. KY 10229-2161 | Riker Danzig Scherer Hyland<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981 | SUOCO Processing Center<br>PO Box 689156<br>Des Moines IA 50368-9156 |
| Safelite Fulfillment Inc<br>PO Box 633197<br>Cincinnati.OH 15263-3197 | Safmarine<br>600 Carnegie Boulevard<br>Charlotte. NC 28209-1637 | Security Park<br>396 Marsh Street<br>Newark, NJ 07101 |
| Sovereign<br>3 Huntington Quad, Ste 101 N<br>Melville, NY 11747 | Sovereign Bank<br>1 Huntington Quad Suite 2N<br>Melville, NY 11747 | Staples<br>PO l30x 689020<br>Des Moines, IA 50368 |
| Superior Laundry Services, LLC<br>c/o Novak, Juhase & Stern<br>200 Sheffield Street, Ste. 205<br>Mountainside NJ 07092 | Syosset Truck Sales, Inc.<br>1561 Stewart Avenue<br>Westbury, NY 11590-6612 | Taurus Supply Inc.<br>57-65 59th St.<br>Maspeth, NY 11378 |
| Tomino's Towing<br>37 Emerson Sl.<br>Ridgefield Park, NJ 07660 | Toyota Motor Credit Corp.<br>c/o Adam M. Levy<br>75 Jackson Avenue<br>Syosset, NY 11791 | Toyota Motor Credit Corporation<br>19001 S. Western Avenue<br>Mail Drop WF11<br>Torrance, CA 90509-2991 |

Toyota Motor Credit Corporation
PO Box 3457
Torrance, CA 90509-3457

U Water
PO 130 371332
Pittsburgh. PA 15250

UPS
PO Box 7247-0244
Philadelphia. PA 17170-0001

Union Country Seating & Supply
Co. Inc.
121 North Michigan Ave.
Kenilworth, NJ 07033

VFS US LLC
PO Box 26131
Greensboro, NC 27402

VFS US LLC
555 Seventeenth Street, Suite 3400
Denver, CO 80202

Van Buren Truck Sales Corp.
2257 Jericho Tpke
New Hyde Park, NY 11040-4707

Verizon
PO Box 15026
Albany, NY 12212

Verizon Wircless
PO Box 408
Newark NJ 07101-0408

Verizon Yellow Pages
McCarthy Burgess
26000 Cannon Rd.
Bedford OH 44146

Waterboy Natural Spring Water
PO Box 11235
Hauppauge, NY 11788-0958

ZIM American Integrated Shipping
Co. Inc.
5801 Lake Wright Drive
Norfolk. VA 23502

Zep Manufacturing Company
P.O. Box 11405
Birmingham, AL. 35202

Zep Sales & Service
860 Nestle Way
Breinigsville, PA 18031

Anthony F Giuliano, Esq.
Pryor & Mandelup
675 Old Country Rd
Westbury, NY 11590

Megan M Adeyemo
555 Seventeenth Street Suite 3400
Denver, CO 80202

Gordon & Rees LLP 555
Seventeenth Street Suite 3400
Denver, CO 80202

ADP Inc.
PO Box 9001006
Louisville, KY 40290-1006

AICCO
PO Box 9045
New York, NY 10087-9045

AMX
PO Box 2855
New York, NY 10116-2855

Capital One Equipment Leasing &
Finance
265 Broadhollw Rd
Melville, NY 11747

EZ Pass
375 McCarter Hwy
Newark, NJ 07114-2562

General Electric Capital Corp.
PO Box 140849
Irving, TX 75014

Hess
PO Box 6293
Carol Stream, IL 60197-6293

Idearc
PO Box 619009
DFW Airport
Dallas, TX 75261

K-Line
8730 Stony Point Pkwy.
Richmond, VA. 23235

LIPA
PO Box 9039
Hicksville, NY 11802-9686

Parking Violations Bureau
25 Elm Place, 4th Floor
Brooklyn, NY 11201

Perfect Health
950 Grand Street
Brooklyn, NY 11211-2707

Sovereign Bank
2 Morrissey Blvd
Boston, MA 02125

Traffic Violations Bureau
PO Box 3674 Church Street
New York, NY 10008

Traffic Violations Bureau - Nassau County
16 Cooper St.
Hempstead, NY 11550-4063

Verizon
PO Box 1100
Albany, NY 12250-0001

Premium Finance Specialist , Inc.
Imperial Credit Corporation
101 Hudson Street-34th Street
Jersey City, NJ 07302

Robert Poczatek
5 Laurel Place
Bayville, N.Y. 11709

Mark Rauch
2776 Brook Avenue
Oceanside, N.Y. 11572

Atlantic States Lubricants Corp.
147 Gazza Blvd.
Farmingdale, NY 11735